Opinion issued December 15, 2005
















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00098-CR




JAMARCUS KEITH HARRISON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from 185th District Court 
Harris County, Texas
Trial Court Cause No. 1012384




MEMORANDUM OPINION

          A jury found appellant, Jamarcus Keith Harrison, guilty of aggravated robbery.
See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). Appellant pleaded “true” to two
enhancement allegations. The jury assessed punishment at 60 years in prison. In two
issues, appellant contends the trial judge erred by overruling appellant’s race-based
Batson


 motion to the State’s peremptory strikes of two veniremembers. 
          We affirm. 
Background
          At the close of voir dire proceedings, the defense made a Batson challenge to
the prosecution’s striking of prospective jurors 7 and 9, whom the defense identified
as being “black females.”


 The defense alleged that prospective jurors 7 and 9 were
struck for purely race-based reasons. 
          The prosecutor explained that he struck prospective juror 7 because she had
indicated that she would “be a very tough person on dealing with identification
issues.” The prosecutor stated that “identification is going to be [sic] a key role in
this trial.” 
 
          With regard to prospective juror 9, the prosecutor told the trial court that he
struck her based on her statements that “drinking would affect vision for ID
purposes.” The prosecutor explained that he anticipated the jury would hear that his
complaining witness “had had a few drinks.” The prosecutor intimated that
prospective jury 9 “had already expressed her willingness to disbelieve” the
complaining witness’s identification. 
          The trial court found the State’s explanation for the strikes to be race-neutral
and denied appellant’s Batson challenge.
          In a bill of exception, appellant responded that two other prospective jurors,
who were not black women, were not struck even though they had given responses
similar to those cited by the prosecutor for striking veniremembers 7 and 9. 
Appellant contended that the comments of prospective juror 16, a white male, on the
issue of identification were similar to those of prospective juror 7. Appellant also
asserted that, like prospective juror 9, prospective juror 8, a Hispanic male, had
agreed that drinking could affect identification. 
          The prosecutor offered an explanation for the alleged disparity in treatment of
veniremembers 16 and 7 and 8 and 9. The prosecutor explained that the defense’s
questioning of prospective jurors 16 and 7, on which the prosecutor based his strikes,
dealt with slightly different subjects. The prosecutor differentiated prospective juror
9 from prospective juror 8 by noting that number 8 had merely nodded his head rather
than “going off on his own dialogue, as juror no. 9 did on that topic.” 
Batson Challenge
          In issues one and two, appellant contends that the trial court erred in overruling
his Batson challenges as to prospective jurors 7 and 9. 
A.      The Batson Process
          A defendant objecting under Batson must make a prima facie showing of racial
discrimination in the State’s exercise of its strikes. Mathis v. State, 67 S.W.3d 918,
924 (Tex. Crim. App. 2002). The burden then shifts to the State to articulate race-neutral explanations for its strikes. Id. Once the prosecutor has articulated race-neutral explanations, the burden shifts back to the defendant to show that the
explanations are really a pretext for discrimination. Id. The trial court must then
determine whether the defendant has carried his burden of proving discrimination. 
Id. 
B. Standard of Review 
          We examine Batson challenges under a clearly erroneous standard of review.
Gibson v. State, 144 S.W.3d 530, 534 (Tex. Crim. App. 2004). We focus on the
genuineness instead of the reasonableness of the prosecutor’s asserted nonracial
motive for peremptorily striking the prospective jurors. Id. at 533–34. 
Concomitantly, this is a highly deferential standard because the trial court is in the
best position to determine whether a prosecutor’s facially race-neutral explanation for
a peremptory strike is genuinely race-neutral.


 Id. at 534. 
C.      Analysis
          On appeal, appellant asserts that “[t]he prosecutor’s race neutral explanations
are clearly pretexts and inadequate.” As in the trial court, appellant challenges the
State’s race-neutral explanations for prospective jurors 7 and 9. Appellant contends
that the prosecutor did not strike nonblack jurors, i.e., prospective jurors 16 and 8,
“who had offered the exact same comments during jury selection” that the prosecutor
had cited as his reasons for striking prospective jurors 7 and 9.
          The record shows that, during voir dire examination, prospective juror 7 stated
that, if a person was upset, then that person may not be able to give a detailed
description for identification purposes. Prospective juror 7 also believed that a more
detailed description would be needed to make an identification than to simply identify
a person as, for example, a redhead. In contrast, venireperson 16 was examined and
commented about a different identification issue: specifically, the problem with cross-racial identification. 
 
          The record shows that prospective juror 8 agreed that drinking might affect a
person’s ability to make an identification. Prospective juror 9 also agreed that
drinking might affect identification, but then voluntarily elaborated on other factors
that might affect identification.
          The State’s explanations for striking veniremembers 7 and 9 were facially race-neutral. Based on the voir dire conducted, the trial court could have reasonably
determined that the prosecutor genuinely believed the articulated reasons for
distinguishing veniremember 7 from veniremember 16 and veniremember 8 from 
veniremember 9. See id. We hold that the trial court did not clearly err in denying
appellant’s Batson challenges to the State’s striking of prospective jurors 7 and 9.
          We overrule appellant’s first and second issues. 
CONCLUSION
          We affirm the judgment of the trial court. 



                                         Laura Carter Higley
                                         Justice 

Panel consists of Justices Nuchia, Jennings, and Higley

Do not publish. Tex. R. App. P. 47.2(b).